**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| 360 ELECTRICAL, L.L.C. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08-CV-00044-TJW |
| | § | |
| GOTTROX, LLC | § | |
| Defendant. | § | |
| | § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Defendant Gottrox LLC ("Gottrox") is currently unrepresented in this action. The Court entered an order granting Gottrox's previous attorneys' Motion to Withdraw as Attorney on March 3, 2010 (Dk.t No. 46). On March 2, 2011, after the Court became aware that Gottrox had failed to obtain new counsel, the Court *sua sponte* ordered Gottrox to obtain counsel within 14 days from the date of the order (Dkt. No. 56). However, instead of obtaining counsel as directed by the Court, Mr. Peter Gottstein sent a letter to the Court stating that it was the intent of Gottrox to proceed *pro se* (Dkt. No. 58). The Court construed Mr. Gottstein's letter as a motion to reconsider its previous order requiring Gottrox to obtain counsel and denied the motion to reconsider (Dkt. No. 59). The Court again ordered Gottrox to obtain counsel within 14 days from the entry of the order denying the motion to reconsider (Dkt. No. 59). Gottrox never obtained counsel and has failed to participate in any meaningful way in the litigation of this action, including failing to participate in the claim construction process or discovery.

In this suit, Plaintiff 360 Electrical, LLC ("360 Electrical") is asserting claim 20 of U.S. Patent No. 6,196,851 ("the '851 Patent"). Pursuant to the Court's Docket Control Order, 360

Electrical submitted a claim construction and prehearing statement on July 7, 2010 in lieu of the joint claim construction and prehearing statement required by Local Rule P.R. 4-3 because Gottrox failed to participate in the claim construction process or comply with P.R. 4-1, 4-2, and 4-3 (Dkt. No. 52). Gottrox never filed a response to the claim construction and prehearing statement filed by 360 Electrical, never filed its own list of terms requiring construction or proposed constructions, and never disputed the constructions proposed by 360 Electrical. 360 Electrical then filed its opening claim construction brief on February 9, 2011 (Dkt. No. 54). Again, Gottrox failed to file any response to 360's opening brief, to oppose the list of terms for construction proposed by 360 Electrical in its brief, or to dispute 360 Electrical's proposed constructions of those terms. Because Gottrox has failed to file any response or opposition to the constructions proposed by 360 Electrical, the Court has no choice but to assume that Gottrox does not oppose those constructions. *See* Local Rule CV-7(d) ("In the event a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition."). Accordingly, the Court adopts as unopposed 360's proposed constructions for the terms, phrases, and/or clauses in claim 20 of the '851 patent.

The Court construes the term "electrically conductive sleeve" to mean "an open-ended conductor configured to receive an inserted prong of a male electrical plug and at least partially encase the prong and contact opposite sides of the prong."

The Court construes the term "electrical receptacle" to mean "a rotatable female electrical socket configured for insertion of a male electrical plug."

The Court construes the term "annular conductive path" to mean "circular electrically conductive pathway extending 360°."

The Court construes the Phrase "axial shaft about which the female electrical receptacle

angularly moves in the housing cavity" to mean "a shaft, pin, screw, fastener, or other shaft-like pivot for the receptacle to rotate in the housing cavity."

The Court construes the term "electrical communication" to mean "a direct or indirect electrical connection."

Except as set forth above, the Court orders that all other claim terms, phrases, and/or clauses of claim 20 of the '851 patent have their plain meaning to a person of ordinary skill in the art at the time of the invention.

IT IS SO ORDERED.

SIGNED this 23rd day of June, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE