# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| 360 ELECTRICAL, L.L.C. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08-CV-00044-TJW |
| | § | |
| GOTTROX, LLC | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff 360 Electrical LLC's ("360 Electrical") Notice of Chapter 7 Bankruptcy Filing by Defendant Gottrox LLC ("Gottrox") and Request for Consideration of Plaintiff's Summary Judgment Motion on Defendant's Counterclaims (Dkt. No. 70). In its notice, 360 Electrical informs the Court that Defendant Gottrox filed for bankruptcy under Chapter 7 of the Bankruptcy Code on August 12, 2011. The bankruptcy case is currently pending before the United States Bankruptcy Court for the Northern District of Illinois, Case No. 11-33074. A copy of the notice of bankruptcy filing is attached to 360 Electrical's notice (Dkt. No. 70-3).

360 Electrical's notice also requests that the Court consider the motion for summary judgment on Gottorx's counterclaims, which was filed contemporaneously with the notice (Dkt. No. 71). 360 Electrical argues that the automatic stay required by the filing of a bankruptcy case does not apply to counterclaims brought by the bankruptcy debtor. Accordingly, 360 Electrical contends that the Court has the power to rule on the motion for summary judgment on Gottrox's counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability.

1

## I.    Discussion

Section 362(a) of the Bankruptcy Code provides that a petition in bankruptcy "operates as a stay, applicable to all entities, of (1) the commencement or continuation . . . of a judicial . . . action or proceeding *against the debtor* that was or could have been commenced before the commencement of the case under this title." 11 U.S.C. § 362(a) (emphasis added). Numerous courts, including the Fifth Circuit, have held that a district court has jurisdiction to determine the applicability of the automatic stay to an action pending before it. *See, e.g., Hunt v. Bankers Trust, Co.*, 799 F.2d 1060, 1069 (5th Cir. 1986); *N.S.R.B. v. Edward Cooper Painting, Inc.*, 804 F.2d 934, 938-39 (6th Cir. 1986); *In re Baldwin-United Corp. Litigation*, 765 F.2d 343, 347 (2nd Cir. 1985).

The issue in this case is whether Gottrox's counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability are claims "against the debtor" for purposes of the automatic stay. The Fifth Circuit has repeatedly held that a debtor's counterclaims in a suit pending at the time of the bankruptcy filing are not "against the debtor" and, thus, that the automatic stay does not apply to them. *U.S. Abatement Corp. v. Mobil Exploration & Producing U.S.*, 39 F.3d 563, 568 (5th Cir. 1994) ("We have previously held that counterclaims asserted by a debtor are not actions 'against the debtor' which are subject to the automatic stay." ) (citing *First Wis. Nat'l Bank of Milwaukee v. Grandlich Dev. Corp.*, 565 F.2d 879, 880 (5th Cir.1978); *accord Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir.1991); *Martin–Trigona v. Champion Fed. Sav. & Loan*, 892 F.2d 575, 577 (7th Cir.1989)). As the Third Circuit has noted, "[a]ll proceedings in a single case are not lumped together for purposes of automatic stay analysis. . . . within one case, actions *against* a debtor will be suspended even though closely related claims asserted *by* the debtor may continue." *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1204-05 (3d Cir. 1992) (emphasis in original). Based on this authority, it is clear that, in

general, counterclaims brought by a debtor are not subject to the automatic stay. However, counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability in a patent infringement case are a unique situation not contemplated by the Fifth Circuit and requiring additional analysis.

Judge Easterbrook, sitting by designation in a case in the Northern District of Illinois, analyzed the applicability of the bankruptcy automatic stay on an action for declaratory judgment of noninfringement brought by a bankruptcy debtor. *See In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 975-76 (N.D. Ill. 1992). Recognizing that "[s]o far as the literal meaning of § 362(a)(1) is concerned, this court may proceed to decision on the declaratory judgment action as if no bankruptcy proceeding were pending," Judge Easterbrook nevertheless stayed the entire proceeding. *Id.* at 976.

> Section 362(a)(1) distinguishes actions against a debtor from actions by the debtor because actions by the debtor usually produce recovery for the estate (or leave its value unaffected). No-risk propositions with the debtor in control do not present any of the concerns that lead to collective proceedings, such as races among creditors to dismember assets or jump the priority queue. As a practical matter, however, [the debtor's] declaratory judgment action exposes the estate to exactly the same risk as [the patentee's infringement claims]: to lose the action is to suffer a judgment that [the debtor] infringed the patents. Concrete relief might await the lapse of the automatic stay, but the writing on the wall would be as ominous as a formal opinion deciding the entire case on the merits in [the patentee's] favor.

*Id.* Judge Easterbrook then pointed out that "[n]othing in § 362(a) suggests any difference between legal and equitable relief" and stayed the debtor's claim for declaratory judgment of noninfringement along with the patentee's counterclaim for patent infringement against the debtor and request injunctive relief. *Id.* at 976-77.

As in *In re Mahurkar*, the counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability brought *by* Gottrox's in this patent infringement action are

inextricably intertwined with 360 Electrical's infringement claims *against* Gottrox. This is because, for all practical purposes, ruling on Gottrox's counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability would decide the liability issues of 360 Electrical's patent infringement suit against Gottrox. Consequently, the Court cannot rule on the counterclaims brought *by* Gottrox without also ruling on the claims *against* Gottrox, thus violating the automatic stay applying to all claims against Gottrox. For this reason, the Court holds that the automatic stay occasioned by Gottrox's bankruptcy filing applies not only to 360 Electrical's patent infringement claims but also to Gottrox's counterclaims for declaratory judgment of noninfringement, invalidity, and unenforceability.

## II.     Conclusion

For the reasons discussed above, the Court STAYS this case pending the conclusion of the bankruptcy proceedings filed by Gottrox, Case No. 11-33074 in the United States Bankruptcy Court for the Northern District of Illinois.

IT IS SO ORDERED.

SIGNED this 17th day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE