**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| 360 ELECTRICAL, LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No.: 2:08-CV-00044-DF |
| | § | |
| vs. | § | PATENT CASE |
| | § | |
| GOTTROX LLC, | § | JURY REQUESTED |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF 360 ELECTRICAL'S
NOTICE OF CONCLUSION OF GOTTROX BANKRUPTCY PROCEEDINGS,
MOTION TO LIFT STAY, AND
<u>MOTION TO EXTEND TIME FOR FILING SUMMARY JUDGMENT MOTION</u>**

Plaintiff 360 Electrical, LLC ("360 Electrical") hereby (1) notifies the Court that the bankruptcy proceedings filed by Defendant Gottrox LLC ("Gottrox") have concluded, (2) moves to lift the stay of this case entered by the Court based on those bankruptcy proceedings, and (3) moves to extend the deadline for filing 360 Electrical's summary judgment motion.

**I.        CONCLUSION OF THE GOTTROX BANKRUPTCY PROCEEDINGS**

Gottrox filed a voluntary petition for liquidation under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701-707, Case No. 11-33074 in the United States Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Case").  The Bankruptcy Case is now closed and the trustee is discharged.  *See* Lauff Declaration Exs. 1 and 2.[1]  Because Gottrox is not an individual, the bankruptcy court did not grant any discharge to Gottrox.  *See* 11

---

[1] The declaration of Steven Lauff is attached to this paper as Exhibit A and presents to the Court true and correct copies of documents concerning the Bankruptcy Case.  Exhibit 1 to the Lauff Declaration is a copy of the Pacer Case Summary.  Exhibit 2 to the Lauff Declaration is a copy of the docket report for the Bankruptcy Case.

U.S.C. § 727(a)(1); Lauff Declaration Exs. 1 and 2.  Accordingly, 360 Electrical's claims against Gottrox in this case survive the closure of the Bankruptcy Case.

## II.    MOTION TO LIFT STAY

The Court stayed this case pending the conclusion of the Bankruptcy Case.  *See* Dkt. 75, at 4.  In staying the case, the Court reasoned that the automatic stay imposed upon the filing of the Bankruptcy Case, 35 U.S.C. § 362(a), applied to both 360 Electricals patent infringement claims and to Gottrox's counterclaims.  *Id.*

The closing of the Bankruptcy Case terminated the automatic stay imposed under 35 U.S.C. § 362(a).  *See* 35 U.S.C. § 362(c)(2)(A).  In addition, the pendency of the stay has concluded under the express terms of the Court's order imposing the stay.  *See* Dkt. 75, at 4 (case stayed "pending the conclusion of the bankruptcy proceedings filed by Gottrox, Case No. 11-33074 in the United States Bankruptcy Court for the Northern District of Illinois").  Therefore, 360 Electrical respectfully requests that the Court lift the stay and resume proceedings in this case.

For the Court's convenience, 360 Electrical respectfully points out that the following motions are pending before the Court:

- Plaintiff 360 Electrical's Motion for Sanctions Against Gottrox LLC (Dkt. 63) (the "Sanctions Motion"), and

- Plaintiff 360's Motion for Summary Judgment on Defendant Gottrox's Counterclaims (Dkt. 71) (the "Counterclaims MSJ").

The Sanctions Motion was filed May 27, 2011, and Gottrox failed to timely oppose the motion. Under L.R. CV-7(d), therefore, the Sanctions Motion is unopposed, and 360 Electrical respectfully requests that the Court rule on the motion at the earliest opportunity. Plaintiff 360

Electrical further respectfully requests that the Court order Gottrox to respond to the Counterclaims MSJ within fourteen days of the lifting of the stay in this case.

### III. MOTION TO EXTEND TIME

The Court granted 360 Electrical leave to file a motion for summary judgment that claim 20 of U.S. Patent No. 6,196,851 ("the '851 Patent") is infringed by Gottrox and that the '851 Patent is not invalid (an "Affirmative Claims MSJ"). (Dkt. 69). The Court gave 360 Electrical until August 15, 2011, to file the Affirmative Claims MSJ.

The automatic stay under 35 U.S.C. § 362(a) occasioned by Gottrox's August 12, 2011, bankruptcy filing barred 360 Electrical's filing of the Affirmative Claims MSJ. Instead, on August 15, 2011, 360 Electrical filed the Counterclaims MSJ for summary judgment in 360 Electrical's favor on Gottrox's counterclaims for "a declaratory judgment that the '851 patent is not infringed, invalid and unenforceable,"[2] and entry of a corresponding order declaring that (1) Gottrox infringes claim 20 of the '851 Patent, (2) the '851 Patent is not invalid as alleged by Gottrox, and (3) the '851 Patent is not unenforceable as alleged by Gottrox. The Counterclaims MSJ explained that the shift in focus of the motion was based on Gottrox's bankruptcy filing and noted that, "[i]f necessary, 360 Electrical will seek additional summary or other judgment on its own claims against Gottrox when the automatic stay is lifted." Counterclaims MSJ, at 1.

In light of the conclusion of the Gottrox bankruptcy proceedings, 360 Electrical respectfully requests an extension of time in which to reframe the Counterclaims MSJ as an Affirmative Claims MSJ and present the Affirmative Claims MSJ to the Court. The timely filing of the Counterclaims MSJ demonstrates that 360 Electrical was ready, willing, and able to timely

---

[2] Gottrox LLC,'s Answer to Complaint and Counterclaims, Dkt. 12, at 5 ¶ 5.

file the Affirmative Claims MSJ. Accordingly, Gottrox is solely responsible for the delay in filing the Affirmative Claims MSJ, and thus no prejudice will inure to Gottrox by granting 360 Electrical an extension of time to file the Affirmative Claims MSJ.

Dated:  November 2, 2011

Respectfully submitted,

DENKO COBURN & LAUFF LLP

By:   /s/Steven J. Lauff
     Steven J. Lauff
     Lauff@DCLlegal.com
     Lead Attorney
     Texas Bar No. 24013011

     DENKO COBURN & LAUFF LLP
     One Barton Skyway
     1501 South Mopac Expressway, Suite A315
     Telephone:     (512) 906-2074
     Facsimile:     (512) 906-2075

     Andrew W. Spangler
     spangler@spanglerlawpc.com
     Texas Bar No. 24041960

     SPANGLER LAW PC
     208 N. Green Street, Suite 300
     Longview, Texas 75601
     Telephone:     (903) 753-9300
     Facsimile:     (903) 553-0403

Counsel for Plaintiff
**360 ELECTRICAL, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document and its exhibits were filed electronically in compliance with Local Rule CV-5(a) on November 2, 2011.  Accordingly, under Local Rule CV-5(a)(3), this paper (including attachments) was served November 2, 2011, on all counsel who have consented to electronic service.  At this time, Defendant Gottrox LLC is not represented by any attorney of record in this case.  Therefore, in accordance with Fed. R. Civ. P. 5(b)(2), a true and correct copy of the foregoing document and its attachments were served November 2, 2011, on Gottrox LLC by first class certified mail through the United States Postal Service, return receipt requested, in an envelope bearing sufficient postage addressed to:

>  Gottrox LLC
>  c/o Mr. M. Peter Gottstein, President
>  1814 W. Henderson
>  Chicago, Illinois 60657

An electronic copy was also sent November 2, 2011, to Gottrox LLC by electronic mail addressed to:

>  contactus@rotatorelectric.com

>  /s/ Steven Lauff
>  Steven J. Lauff

PLAINTIFF 360 ELECTRICAL'S NOTICE OF CONCLUSION OF GOTTROX
BANKRUPTCYPROCEEDINGS, MOTION TO LIFT STAY, AND MOTION TO
EXTEND TIME FOR FILING SUMMARY JUDGMENT MOTION

Page 5

**CERTIFICATE OF CONFERENCE**

Plaintiff 360 Electrical respectfully submits that the meet and confer and certification requirements of L.R. 7(h) and 7(i) do not apply to this motion. Gottrox LLC has been unrepresented by counsel in this case for a long time, much of that time in defiance of the Court's orders to get counsel (Dkts. 56 and 59). Local Rule 7(i) specifies that [n]either the 'meet and confer' nor the certificates of conference requirements are applicable to *pro se* litigants. Gottrox is an entity, and—as recognized by the Court (Dkts. 56 and 59)—must be represented by counsel in this case. Although Gottrox cannot proceed *pro se*, it nevertheless is in the same position as a *pro se* litigant concerning the application of any meet and confer requirement to this motion—Gottrox, by its own choice and in defiance of the Court's orders, has no counsel with which 360 Electrical's counsel can meet and confer. By analogy to L.R. 7(i)'s *pro se* exemption, the meet and confer requirements and certification requirements should not apply to this motion.

Even if the meet and confer and certification requirements of L.R. 7(h) and 7(i) apply to this motion, Gottrox has acted in bad faith by failing to provide counsel with which 360 Electrical's counsel could meet and confer. Gottrox's bad faith is demonstrated by its repeated defiance of the Court's orders to obtain counsel (Dkts. 56 and 59).

For at least the foregoing reasons, 360 Electrical respectfully submits that L.R. 7(h) and 7(i) do not pose any bar to its submission, or to the Court's consideration, of this motion.

        /s/ Steven Lauff
        Steven J. Lauff
        **Lead Attorney for 360 Electrical, LLC**

PLAINTIFF 360 ELECTRICAL'S NOTICE OF CONCLUSION OF GOTTROX BANKRUPTCYPROCEEDINGS, MOTION TO LIFT STAY, AND MOTION TO EXTEND TIME FOR FILING SUMMARY JUDGMENT MOTION

Page 6